UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN FOSTER, #187621,

        Petitioner,

                              CASE NO. 2:20-CV-11747
v.                           HON. GEORGE CARAM STEEH

HEIDI WASHINGTON and
MIKE BROWN,

        Respondents.
_____/

## ORDER OF TRANSFER

Darrin Foster ("Petitioner"), a state prisoner currently confined at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with a request for immediate release from custody due to his risk of illness or death due to COVID-19.  Petitioner was convicted of first-degree murder, assault with intent to commit murder, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court and was sentenced to life imprisonment without the possibility of parole, a concurrent term of 20 to 60 years imprisonment, and a consecutive term of two years imprisonment in 1987.  He previously filed a

federal habeas petition challenging his convictions pursuant to 28 U.S.C. § 2254, but was denied relief.  Foster v. Jabe, No. 2:92-CV-74862 (E.D. Mich. May 14, 1993) (adopting magistrate judge's report and recommendation).  Petitioner is not challenging his convictions or sentences in the instant petition, but rather is seeking immediate release from custody due to the ongoing pandemic.

A state prisoner in a state that has two or more federal judicial districts may file a habeas petition in the district where the prisoner is in custody or in the district where the prisoner was convicted and sentenced. 28 U.S.C. § 2241(d).  The district having custody of the prisoner and the district where the prisoner was convicted and sentenced have concurrent jurisdiction to entertain the application.  Id.  Moreover, the court in the district where the petition was filed may, in the exercise of its discretion and in furtherance of justice, transfer the application to the other district for a hearing and determination.  Id.; see also 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

Petitioner was convicted in Wayne County, Michigan, which lies in

the Eastern District of Michigan, but he is not attacking his convictions in this case. Instead, his petition and request for release from custody are solely challenging the conditions of his confinement due to the spread of COVID-19 at his place of incarceration in Kincheloe, Chippewa County, Michigan, which lies in the Western District of Michigan. See 28 U.S.C. § 102(b). He also names as respondents Michigan Department of Corrections Director Heidi Washington, who resides in Lansing, Ingham County, Michigan for purposes of this action, and Kinross Warden Mike Brown, who resides in Kincheloe, Chippewa County, Michigan for purposes of his action. Both of those respondents are located in the Western District of Michigan. Id.

Because of the potential inconvenience and expense of moving Petitioner between his facility and this Court for any hearings and because the entirety of his petition relates to acts and witnesses within the confines of the Western District of Michigan, the Court finds that the Western District of Michigan is a more convenient and appropriate venue for this action and the interests of justice are served by a transfer of the case to that court. See Starnes v. McGuire, 512 F.2d 918, 931 (D.C. Cir. 1974); see also Barrera v. Decker, No. 20-CV-2755 (VEC), 2020 WL 1686641, *1 (S.D.N.Y.

April 7, 2020) (Southern District of New York lacked venue over habeas petitioner's claim that his health condition put him at imminent risk of contracting COVID-19, where the petitioner was incarcerated in New Jersey).

Accordingly, the Court directs the Clerk's Office to **TRANSFER** this case to the United States District Court for the Western District of Michigan. Given the significant liberty interests at stake, the time-sensitivity of Petitioner's claims, and the health risks posed by the rapid spread of COVID-19, see Barrera, 2020 WL 1686641 at *1, the Court directs the Clerk's Office to effectuate the transfer as soon as possible.  The Court makes no determination as to the merits of the petition, the request for release from custody, or any pending motions.

**IT IS SO ORDERED**.

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: July 7, 2020

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 7, 2020, by electronic and/or ordinary mail and also on
Darrin Foster #187621, Kinross Correctional Facility,
4533 W. Industrial Park Drive, Kincheloe, MI 49786.

s/Brianna Sauve
Deputy Clerk

---